UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ABDUL AL-SHIMARY**, <br><br> Plaintiff, <br><br> v. <br><br> **ADRIAN DIRSCHELL, ET AL.**, <br><br> Defendants. | 2:21-CV-12269-TGB-EAS-JJCG <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER PARTIALLLY DISMISSING CASE** |

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Abdul Al-Shimary is currently incarcerated at the Macomb Correctional Facility. Plaintiff sues four Michigan Department of Corrections Defendants: (1) Adrian Dirschell, Acting Special Activities Coordinator for the MDOC, (2) Gary Miniard, Acting Warden at the Saginaw Correctional Facility, (3) Matthew Tyzas, Chaplin at the Saginaw Correctional Facility, and (4) A. Pratt, Grievance Coordinator at the Saginaw Correctional Facility. As detailed below, the Court will summarily dismiss Defendants Miniard and Pratt from the case because the complaint fails to state a claim against them. The case will proceed against Defendants Dirschell and Tyzas on Plaintiff's First Amendment claims.

## I. Standard of Review

The case is before the Court for screening under the PLRA. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, the Court is required to *sua sponte* dismiss an in

forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Complaints filed by self-represented litigants are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

2

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

Plaintiff is a Shia Muslim born in Iraq. He asserts that since childhood he has always observed and participated in the fast of Ramadan. The allegations in the complaint concern Plaintiff's inability to observe Ramadan in 2021, while he was incarcerated at the Saginaw Correctional Facility.

Plaintiff asserts that on March 27, 2021, Defendant Tuzas helped him submit the required forms to request accommodations for Ramadan. On March 29, 2021, Defendant Dirschell denied the request.

Plaintiff asserts that he filed a grievance regarding Dirschell's decision. Tuzas responded to the grievance, and he indicated that the request was denied because records showed that Plaintiff ordered foods from the prison store prohibited by Muslim law, and "chow hall scans" showed that Plaintiff used the chow hall despite his claim that he would not eat there because it served foods prohibited by his faith. Plaintiff claims that his conduct was not contrary to Islamic law, as there were permissible foods for him to eat at the chow hall. Plaintiff also asserts that Dirschell falsely determined that he had purchased impermissible pork products.

Plaintiff claims that two weeks prior to Ramadan, while he was in the segregation unit, he sent "kites" to Tuzas requesting to participate in the fast, but Tuzas denied them and later claimed never to have received the kites. When Plaintiff continued to send requests to Tuzas during Ramadan, Tuzas responded, "you just don't get it . . . that you aren't participating in Ramadan this year because you wanted to waste everyone's time with the grievance about your religious diet that you're not getting . . . if you'd just left well enough alone you'd be fine." Compl., ECF No. 1, PageID.8. Tuzas also told Plaintiff that he would not be able to participate in Ramadan the following year unless he dropped his grievance.

Plaintiff asserts that he filed further grievances in April 2021, but Defendant Miniard failed to stop the retaliatory actions. Plaintiff asserts that Defendant Pratt also refused to properly process the grievances.

Finally, Plaintiff states that on May 26, 2021, he was transferred to the Macomb Correctional Facility, where he says he was able to receive his religious meal accommodation without experiencing the same difficulties.

### III. Discussion

A. Free Exercise of Religion

Plaintiff claims that Defendants Dirschell and Tuzas violated his First Amendment right to the free exercise of religion. While "incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain First Amendment protection to freely exercise their religion, *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987), subject to reasonable restrictions and limitations

related to legitimate penological interests. *Id*. at 350-53; *accord. Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also County of Allegheny v. ACLU*, 492 U.S. 573, 615 (1989)( (First Amendment protection extends to all religious beliefs, and guaranties "religious liberty and equality to the infidel, the atheist, or the adherent of a non-Christian faith...."). To state a free exercise claim, a plaintiff must allege facts from which an inference may be drawn that the government has placed "a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989).

Plaintiff asserts facts stating a free exercise claim against Defendants Dirschell and Pratt. He claims that these Defendants were directly responsible for his inability to participate in the Ramadan fast in 2021. He claims that Dirschell relied on false information and had an inadequate basis for denying Plaintiff's religious meal accommodation. He claims that Tuzas performed various actions deliberately aimed at scuttling his efforts to observe the fast. The case will proceed against these two Defendants on this claim.

B. Retaliation

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Moreover, a plaintiff must be able to prove that the exercise of the protected

5

right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff claims that Defendant Tuzas continued to refuse to allow him to participate in the fast after Plaintiff filed grievances. Plaintiff states that Tuzas told him that he was continuing to deny Plaintiff's requests as a consequence of the grievances. The complaint states a retaliation claim against Defendant Tuzas.

### C. Respondeat Superior

Plaintiff claims that Defendant Miniard, the acting warden, failed to curb the unconstitutional conduct of his subordinates. Plaintiff therefore attempts to implicate Miniard under a theory of respondeat superior. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899. Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Plaintiff fails to state a claim against Defendant Miniard.

6

D. Grievance Respondents

Plaintiff claims that Defendant Pratt, the grievance coordinator, failed to adequately respond to his grievances regarding the alleged unconstitutional conduct at the facility. Generally, where a defendant's "only role[] ... involve[s] the denial of administrative grievances or the failure to act ... [he or she] cannot be liable under § 1983." *Shehee*, 199 F.3d at 300; *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.") Plaintiff's only factual allegations against Pratt are that he did not adequately respond to his grievances. Accordingly, Plaintiff has failed to state a claim against Pratt.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), 42 U.S.C. § 1997e(c), and Rule 21, the Court will dismiss Defendants Miniard and Pratt for Plaintiff's failure to a claim against them. The case will proceed with respect to Defendants Dirschell and Tuzas on Plaintiff's First Amendment claims.

**SO ORDERED**.

Dated:  January 18, 2022         s/Terrence G. Berg
                                 TERRENCE G. BERG
                                 UNITED STATES DISTRICT JUDGE