UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Abdul Al-Shimary,

    Plaintiff,

v.

Adrian Dirschell and Matthew Tuzas,

    Defendants.

Case No. 21-12269
District Judge Terrence G. Berg
Magistrate Judge Jonathan J.C. Grey

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Abdul Al-Shimary is an incarcerated person in custody of the Michigan Department of Corrections ("MDOC") challenging the conditions of his confinement at the Saginaw Correctional Facility. (ECF No. 1.) He brings this pro se complaint under 42 U.S.C. § 1983 against Adrian Dirschell, Acting Special Activities Coordinator at the Saginaw Correctional Facility, and Matthew Tuzas, Chaplain at the Saginaw Correctional Facility, for violation of his First

Amendment rights.[1] (ECF No. 1.) This matter is before the Court on Tuzas' motion for summary judgment. (ECF No. 14.)

On January 18, 2022, Judge Berg referred pretrial matters to the undersigned. (ECF No. 5.) The Court has reviewed the pleadings and dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the following reasons, the undersigned **RECOMMENDS** that Tuzas's motion for summary judgment be **GRANTED**.

**I.    Background**

**A. Al-Shimary's Complaint and Grievances**

Al-Shimary sets forth the following allegations in his complaint. Born in Iraq, Al-Shimary is a Shia Muslim who has always observed and participated in the fast of Ramadan. (ECF No. 1, PAGEID.7.) *Id.*

On March 27, 2021, because Al-Shimary does not read or write English, Tuzas helped Al-Shimary prepare the required paperwork, the Religious Meal Interview, to request meal accommodations for Ramadan. *Id.* In the Religious Meal Interview, Al-Shimary answered questions about the major teachings of his religion and rationale behind a religious menu request. (*Id.* at PAGEID.18–19.)

---

[1] On January 18, 2022, Judge Terrence G. Berg dismissed Al-Shimary's claims against the other defendants, Gary Miniard, Acting Warden at the Saginaw Correctional Facility, and A. Pratt, Grievance Coordinator at the Saginaw Correctional Facility. (ECF No. 4.)

On March 29, 2021, Dirschell denied Al-Shimary's request for religious meal accommodations based upon a review of all available information. *Id.*

On April 1, 2021, Al-Shimary filed a grievance against Dirschell for denying his request for a religious meal accommodation (Grievance No. SRF-21-04-0444-20E, or "Grievance 0444"). (*Id.*; ECF No. 14-3, PAGEID.103–108.)

In 2021, two weeks prior to Ramadan,[2] Al-Shimary was in the segregation unit. *Id.* Al-Shimary sent a "kite"[3] to Tuzas, asking to participate in the fast of Ramadan. *Id.* One week later, Al-Shimary sent an additional kite to Tuzas "to be doubly sure he would be able to participate." *Id.*

On April 13, 2021, as part of MDOC's investigation process, Tuzas interviewed Al-Shimary regarding Grievance 0444. (*Id.* at PAGEID.8.) During the interview, Al-Shimary lamented that his religious beliefs were being insulted by not being allowed to participate in Ramadan. *Id.* Tuzas then said, "You just don't get it . . . that you aren't participating in Ramadan this year because you wanted to waste everyone's time with the grievance about your religious diet that you're not getting . . . if you'd just left well enough alone, you'd be fine." *Id.* Tuzas also told

---

[2] Although Al-Shimary does not specify the dates of the kites, the Court understands that Ramadan began on or about April 12, 2021. *Ramadan 2021*, ABC Eyewitness News, https://abc13.com/ramadan-2021-mubarak-us-when-is/792380/.

[3] A "kite" is an internal mailing that prisoners can send to prison officials, generally used to express complaints. *McCracken v. Haas*, 324 F. Supp. 3d 939, 943 n.1 (E.D. Mich. 2018).

Al-Shimary that if he did not drop Grievance 0444, Al-Shimary would not be able to participate in Ramadan in 2022. *Id.*

On April 13, 2021, MDOC denied Grievance 0444 at Step I. *Id.*

On April 16, 2021 and April 22, 2021, respectively, Al-Shimary prepared grievances against Tuzas and Miniard for retaliation and against Pratt for failure to process grievances. *Id.* During this time, Al-Shimary also sent several kites to Miniard about retaliation concerns. *Id.*

On May 26, 2021, Al-Shimary moved from the Saginaw Correctional Facility to the Macomb Correctional Facility, where he has received religious meal accommodations. *Id.*

According to MDOC records, Al-Shimary pursued two grievances which arose out of Saginaw Correctional Facility through Step III of the MDOC grievance process: (1) Grievance 0444 against Dirschell for denial of religious meal accommodations (ECF No. 14-3, PAGEID.103–108) and (2) grievance against non-specified individual(s) for opening his legal mail (ECF No. 14-3, PAGEID.109–112) (Grievance No. SRF-21-04-0465-28G, or "Grievance 0465").

On March 28, 2022, Tuzas moved for summary judgment based on Al-Shimary's alleged failure to exhaust administrative remedies.[4] (ECF No. 14.) Al-Shimary responded (ECF No. 15), and Tuzas replied. (ECF No. 17.)

**B. MDOC Grievance Process**

MDOC provides a three-step grievance process that prisoners must follow to exhaust administrative remedies. MDOC Policy Directive 03.02.130 (effective Mar. 18, 2019). Per MDOC policy, grievants must include the "[d]ates, times, places, and names of all those involved in the issue being grieved." *Id.* ¶ S. Prior to Step I, a grievant must "attempt to resolve the issue with the staff member involved within two business days." *Id.* ¶ Q. If there is no resolution, the grievant may file a Step I grievance within five business days. *Id.* At Step II, a grievant may appeal the denial of a Step I grievance within ten business days after receipt of the Step I response. *Id.* ¶ DD. At Step III, a grievant may appeal the Step II denial within ten business days after receipt of the Step II response. *Id.* ¶ HH. Grievances at all steps are logged in a computerized tracking system. MDOC Policy Directive. *Id.* ¶¶ X, EE, II.

---

[4] MDOC concedes that Al-Shimary properly exhausted administrative remedies against Dirschell. (ECF No. 14, PAGEID.84.)

## II.     Legal Standard

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), courts must grant motions for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, a fact is material "only if its resolution will affect the outcome of the lawsuit." *Id.* at 451–52 (citing *Anderson*, 477 U.S. at 248).

In reviewing a summary judgment motion, the Court must draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). The burden of demonstrating the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears this responsibility by identifying portions of the record that show the absence of a genuine issue as to any material fact. *Id.* If the moving party meets its burden, the burden then shifts to the nonmoving party to establish "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," the moving party is then entitled to summary judgment. *Id.* at 322.

### B. Exhaustion

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all available administrative remedies before filing an action about prison conditions. 42 U.S.C. § 1997e(a). The Supreme Court requires that a grievant exhaust all administrative remedies before filing a lawsuit. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). It is also "the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Proper exhaustion entails "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (citation omitted).

Failure to exhaust is an affirmative defense, so prisoners are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. The burden thus rests on defendants to establish failure to exhaust. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). After a defendant affirmatively raises the defense of failure to exhaust, the grieved plaintiff must

"present 'significant probative evidence' to defeat the motion for summary judgment." *Id.*

Here, Al-Shimary needed to undertake all steps of the MDOC process to fully exhaust his grievances. Tuzas, who bears the burden of proof, provided Al-Shimary's Step III grievance report, which lists every grievance Al-Shimary pursued through Step III. (ECF No. 14-3.) According to the report, neither grievance that Al-Shimary pursued through Step III was filed against Tuzas. *Id.* Only one of them, Grievance 0444, is relevant to Al-Shimary's complaint, and Al-Shimary filed that grievance against Dirschell.[5]

### III. Analysis

On April 13, 2021, MDOC denied Grievance 0444. (ECF No. 14-3, PAGEID.106.) Tuzas investigated Step I and responded for the prison. *Id.* In the Step I decision, Tuzas explained that he reviewed Al-Shimary's accommodations request and Dirschell's findings. *Id.* Dirschell reported that, contrary to Al-Shimary's statements in his accommodations request, Al-Shimary had previously

---

[5] As discussed above, Al-Shimary's other grievance, Grievance 0465, pertains to unnamed individuals who allegedly opened Al-Shimary's legal mail. (ECF No. 14-3, PAGEID.109–112.) Al-Shimary does not discuss that incident in his complaint. Accordingly, Grievance 0465 is not relevant to this case.

ordered non-halal foods from the facility's store and checked into the "chow hall," where non-halal foods are served. (*Id.* at PAGEID.107.)

In his Step II appeal, Al-Shimary wrote, "Tuzas . . . has no solid proof or right to dictate what my faith is." *Id.* Al-Shimary made no mention of Dirschell but directed MDOC to review his Step I grievance. (ECF No. 14-3, PAGEID.104.) On May 14, 2021, MDOC denied Al-Shimary's Step II appeal. (*Id.* at PAGEID.105.) In his Step III appeal, Al-Shimary wrote that "[t]his is a formality to exhaust" and did not discuss any individuals. (*Id.* at PAGEID.104.) On August 20, 2021, MDOC upheld its denial at Step III. (*Id.* at PAGEID.103.)

Tuzas argues that (1) Al-Shimary did not properly exhaust his administrative remedies, (2) Tuzas's involvement as a respondent does not impose § 1983 liability, (3) the incidents giving rise to Al-Shimary's claims against Tuzas occurred after Grievance 0444 was filed. (ECF No. 14.) In response, Al-Shimary asserts that Tuzas denied Al-Shimary's participation in Ramadan and that Tuzas was an improper respondent. (ECF No. 15.) The Court finds that Tuzas is entitled to summary judgment.

First, the Sixth Circuit has held that there is no § 1983 liability for defendants who merely denied administrative grievances or failed to remedy the alleged retaliatory behavior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Al-Shimary contends that Tuzas "ultimately denied plaintiff participation [i]n the

9

Ramadan fast and religious meal [accommodation.]" (ECF No. 15, PAGEID.115.) Al-Shimary appears to argue that Tuzas committed a constitutional violation when he denied Al-Shimary's Grievance 0444 at Step I. *See id.* Per *Shehee*, the Court finds that Tuzas' involvement as an administrative respondent, rather than a named participant, cannot impose § 1983 liability.

Second, the MDOC grievance process requires grievants to include the "[d]ates, times, places, and names of all those involved in the issue being grieved." MDOC Policy Directive 03.02.130 ¶ S (effective Mar. 18, 2019). A plaintiff fails to exhaust administrative remedies against a defendant if the plaintiff does not name the defendant at Step I of the grievance. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (stating that there is no exhaustion where an inmate fails to name individuals in his Step I grievance)[6]; *see also Burley v. Michigan Dep't of Corr.*, No. 16-CV-10712, 2016 WL 11259277, at *7 (E.D. Mich. Nov. 30, 2016), report and recommendation adopted, No. 16-CV-10712, 2017 WL 877219 (E.D. Mich. Mar. 6, 2017) ("By naming [the defendant] at only step II of the grievance process, and failing to name [the defendant] at step I, [the plaintiff] has failed to properly exhaust this claim against [the defendant.]").

---

[6] *Reed-Bey* ultimately held that there is proper exhaustion when prison officials decline to enforce their procedural requirements and "consider otherwise-defaulted claims on the merits." *Id.* at 325. Here, however, MDOC considered Al-Shimary's claims on the merits solely with respect to Dirschell, the only grieved individual. (ECF No. 14-3, PAGEID.103–108.)

It is clear that Al-Shimary filed Grievance 0444 solely against Dirschell—and not Tuzas—for denial of the religious meal accommodation. In his Step I grievance, Al-Shimary wrote, "Dirschell has no right to deny me [a]ny religious [beliefs]." (ECF No. 14-3, PAGEID.106.) There is no mention of Tuzas in the grievance question box. *Id.* Elsewhere on the form, in response to "What attempt did you make to resolve the issue prior to writing this grievance?," Al-Shimary mentions Tuzas as someone who helped him "fill out" the Religious Meal Interview. *Id.* However, Al-Shimary does not express any grievance against Tuzas. *Id.*

Al-Shimary also plainly acknowledges that he filed the grievance solely against Dirschell. In his complaint, he wrote: "Plaintiff wrote a grievance on Defendant Dirschell." (ECF No. 1, PAGEID.7.) Additionally, Al-Shimary's identification of Tuzas in his Step II appeal appears to be focused on Tuzas' unfavorable decision, not any act that predicated the initial grievance. For example, Al-Shimary refutes the accuracy of Tuzas's Step I decision, asserting that he never ate pork in the chow hall. *Id.*

Al-Shimary further argues that Tuzas's involvement in conducting the Religious Meal Interview precludes Tuzas from being the respondent for Grievance 0444. *Id.* Al-Shimary points to MDOC Policy Directive 03.02.130 ¶ V, which states: "Prisoners and staff who may be involved in the issue being grieved

11

shall not participate in any capacity in the grievance investigation, review, or response, except as necessary to provide information to the respondent." Tuzas contends that he lacked involvement in the actual issue being grieved. (ECF No. 17, PAGEID.123.)

The Court finds that Tuzas did not violate MDOC Policy Directive 03.02.130 ¶ V. First, the incidents underlying Al-Shimary's allegations against Tuzas occurred after Al-Shimary filed Grievance 0444. (ECF No. 1, PAGEID.8.) Second, as discussed above, MDOC Policy Directive 03.02.130 ¶ S requires grievants to name "all those involved in the issue being grieved." When an individual is not named in a grievance and the individual acts as the respondent, courts have found that the individual did not violate MDOC policy. *E.g.*, *Young v. Prison Health Servs.*, No. 16-CV-13016, 2017 WL 9470707, at *3 (E.D. Mich. June 1, 2017), report and recommendation adopted, 2017 WL 2793956 (E.D. Mich. June 28, 2017).

Tuzas responded to Grievance 0444, filed against Dirschell and not Tuzas, so Tuzas did not improperly participate in the grieved issue. *Young*, 2017 WL 9470707, at *3.

Since Al-Shimary did not file a grievance against Tuzas at Step I of Grievance 0444, Al-Shimary failed to properly exhaust his administrative remedies as to Tuzas. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules.") Al-Shimary has not provided an excuse for the failure to exhaust administrative remedies. Therefore, the Court must recommend entry of summary judgment against Al-Shimary for failure to exhaust administrative remedies.

### IV. Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that Tuzas's motion for summary judgment be **GRANTED**.

Dated: May 19, 2022                         s/**Jonathan J.C. Grey**
                                            Jonathan J.C. Grey
                                            United States Magistrate Judge

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 19, 2022.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager