UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ABDUL AL-SHIMARY,**<br><br>Plaintiff,<br><br>v.<br><br>**ADRIAN DIRSCHELL, ET AL.**,<br><br>Defendants. | 2:21-CV-12269-TGB-JJCG<br><br>HON. TERRENCE G. BERG<br>HON. JONATHAN J. C. GREY<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>(ECF NO. 18)** |

This matter is before the Court on a Report and Recommendation from Magistrate Judge Jonathan J.C. Grey dated May 19, 2021 (ECF No. 18) recommending that the Motion for Summary Judgment of Defendant Matthew Tuzas (ECF No. 14) be granted. Plaintiff Abdul Al-Shimary filed a timely objection (ECF No. 20) to the Report and Recommendation. For the reasons set forth below, that objection will be overruled, and the Report and Recommendation will be accepted and adopted as this Court's findings of fact and conclusions of law.

## I. BACKGROUND[1]

Plaintiff Abdul Al-Shimary is a Shia Muslim. Compl., ECF No. 1, PageID.7. Accordingly, he states that he has always observed the fast of

---

[1] Al-Shimary does not object to the Magistrate's recitation of the facts, and so the statement of facts in the Report and Recommendation is adopted.

1

Ramadan. *Id*. Matthew Tuzas is the chaplain at the Michigan Department of Corrections' Saginaw Correctional Facility, where Al-Shimary is incarcerated. *Id*. at PageID.3.

In March, 2021, Tuzas helped Al-Shimary complete the paperwork required to request a diet that would accommodate Al-Shimary's observance of Ramadan. *Id*. at PageID.7. On one form, Al-Shimary stated that he eschewed non-halal foods, and thus avoided the chow hall because the food there was handled by non-Muslims and also was not halal. *Id*. at PageID.18-20. Shortly thereafter, Adrian Dirschell, the facility's Acting Special Activities Coordinator, denied Al-Shimary's request. *Id*. at PageID.21. According to Dirschell, records showed that Al-Shimary had ordered non-halal foods from the facility's commissary and regularly visited the chow hall—contradicting his statements on the meal request form. *Id*. at PageID.7.

As Ramadan approached, Al-Shimary sent several messages to Tuzas asking whether he would be able to participate in Ramadan. *Id*. And, a few weeks after the initial denial, Al-Shimary filed a grievance against Dirschell for denying his religious meal request.[2] *Id*. Tuzas investigated the grievance. According to Al-Shimary, when Tuzas interviewed him about the grievance, Tuzas admitted that Al-Shimary

---

[2] The grievance against Dirschell is Grievance No. SRF-21-04-0444-20E, referred to in the Report and Recommendation and in this Order as "Grievance 0444."

2

was being denied a religious meal in retaliation for filing a grievance about the situation. *Id.* at PageID.8. Ultimately, Tuzas concluded that Al-Shimary had "offered nothing further to negate" Dirschell's findings, and denied the grievance at "Step I" of the MDOC grievance process. MDOC Grievance Documents, ECF No. 14-3, PageID.107.

Al-Shimary appealed Tuzas's denial of his grievance to "Step II" and ultimately "Step III" of the MDOC's grievance process. Al-Shimary also filed several more grievances: one against Tuzas and Gary Miniard (the facility's acting warden) for retaliating against him for filing grievances, another against unspecified MDOC personnel for opening his legal mail, and another against the facility's grievance coordinator for failing to process the grievance against Tuzas and Minard. ECF No. 1, PageID.8.

Tuzas has moved for summary judgment, arguing that Al-Shimary failed to exhaust his administrative remedies against Tuzas, that all of Tuzas's alleged relevant conduct occurred after Grievance 0444 was filed, and that Tuzas cannot be subject to liability for merely participating in the grievance process in an administrative capacity. *See generally*, ECF No. 14. Magistrate Judge Grey recommended that the motion be granted, and Al-Shimary timely objected. *See* ECF Nos. 18, 20.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On June 3, 2022, Al-Shimary filed an Objection (ECF No. 20) to the Report and Recommendation.

The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

## III. DISCUSSION

The Prison Litigation Reform Act requires incarcerated litigants to exhaust administrative remedies before bringing a suit about the conditions of their incarceration. 42 U.S.C. §1997e(a). To properly exhaust their claims, incarcerated litigants must comply with the applicable prison grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (explaining that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). As described by Judge Grey, the MDOC imposes a three-step grievance process. Report

4

and Recommendation, ECF No. 18, PageID.130. Incarcerated litigants must appeal through all three steps to properly exhaust their administrative remedies. *Id.*

The Report and Recommendation concluded that Al-Shimary had failed to exhaust his claims against Tuzas in Grievance 0444 because (1) a prison official cannot be liable under 42 U.S.C. § 1983 for merely denying an administrative grievance; (2) Tuzas was not named in the grievance at Step I; and (3) the grievance was, by Al-Shimary's own acknowledgement, filed against Dirschell only and not against Tuzas. *Id.* at PageID.134-138.

As best the Court can discern, in his single objection Al-Shimary argues that the exhaustion requirement should be waived because the Michigan Department of Corrections failed to enforce its own procedural requirements. He argues that MDOC considered the merits of his claims against Tuzas at the Step II and Step III stages, even though those claims should have been procedurally defaulted. To be sure, an exhaustion defense is waived when prison officials "decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits" at the administrative review stage. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). But MDOC did not do so here, so Al-Shimary's objection is overruled.

As a threshold matter, this argument was considered and rejected by Judge Grey. An objection that "merely restates" arguments presented

to a magistrate judge is "not sufficient to alert the court to alleged errors" by the magistrate. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). In the Report and Recommendation, Judge Grey concluded that "MDOC considered Al-Shimary's claims on the merits [in the grievance at issue] solely with respect to Dirschell, the only grieved individual." ECF No. 18, PageID.135. Al-Shimary does not explain why Judge Grey's conclusion was wrong or dispute it in any way.[3]

And even if Al-Shimary had raised this objection properly, this Court's review of Al-Shimary's Step II and Step III appeals and the MDOC's Step II and Step III decisions confirms that Judge Grey is correct: prison officials did not consider any claims against Tuzas when they addressed Al-Shimary's grievance at Step II and Step III.

Al-Shimary's stated reason for his Step II appeal does not mention any independent conduct by Tuzas beyond his denial of the Step I grievance, and mentions no claims of retaliation. It states merely that "Tuzas M. has no solid proof or right to dictate what my faith is[.]" ECF No. 14-3, PageID.104. This—particularly the use of the words "solid proof"—appears to relate only to Tuzas's denial of the grievance as

---

[3] Al-Shimary also raises the already-rejected argument that Tuzas improperly participated in the grievance process in violation of MDOC policy. That argument was also considered by Judge Grey, and Al-Shimary offers no reasons why Judge Gray's conclusion was in error. *See* ECF No. 18, PageID.136-37 (concluding that "Tuzas did not improperly participate in the grieved issue.").

unsupported at Step I. Likewise, MDOC's decision at Step II does not reference any independent conduct or retaliation by Tuzas. *Id.* at PageID.105. Neither does Al-Shimary's statement in support of the grievance at Step III nor MDOC's Step III decision. So any argument that MDOC waived an exhaustion defense by ignoring its own grievance procedures and considering the merits of claims that should have been defaulted under those procedures is not correct; that did not happen here.

Ultimately, Judge Grey correctly determined that Al-Shimary failed to exhaust claims against Tuzas. Grievance 0444 only mentioned Dirschell at Step I (itself enough to undermine exhaustion), the conduct by Tuzas that Al-Shimary complains of occurred after Grievance 0444 was filed, and Al-Shimary indeed filed a separate grievance against Tuzas for retaliation that was apparently not pursued to Step III, as required to exhaust his administrative remedies with respect to those claims. *See* Compl., ECF No. 1, PageID.8 ("On April 16, 2021 . . . Plaintiff wrote a grievance on both Defendant Tuzas and Miniard" based on Tuzas's alleged retaliation); Report and Recommendation, ECF No. 18, PageID.129 (explaining that "[a]ccording to MDOC records, Al-Shimary pursued two grievances" through Step III arising out of this incident: Grievance 0444 against Dirschell, and another grievance against unspecified individuals for opening Al-Shimary's legal mail). Accordingly, Al-Shimary's sole objection will be overruled.

## IV. CONCLUSION

Judge Grey correctly determined that Plaintiff Al-Shimary did not exhaust his administrative remedies against Matthew Tuzas. For the reasons set forth herein, Al-Shimary's objection is **OVERRULED**.

It is hereby **ORDERED** that Magistrate Judge Grey's Report and Recommendation of May 19, 2022 is **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that the Motion for Summary Judgment of Defendant Matthew Tuzas (ECF No. 14) is **GRANTED.**

It is **FURTHER ORDERED** that all claims against Matthew Tuzas are **DISMISSED**.

Because all claims against Matthew Tuzas are dismissed, it is **FURTHER ORDERED** that Matthew Tuzas's Motions to Stay (ECF Nos. 23 and 24) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: October 31, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE