UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABDUL AL-SHIMARY, | |
| Plaintiff, | Case No. 21-cv-12269 |
| | Honorable Terrence G. Berg |
| v. | Magistrate Judge Elizabeth A. Stafford |
| ADRIAN DIRSCHELL, | |
| Defendant. | |

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28)

### I.      Introduction

Pro se prisoner Abdul Al-Shimary filed this civil rights action under 42 U.S.C. § 1983, alleging that Defendant Adrian Dirschell violated his First Amendment right to freely exercise his religion by denying his request for a religious meal accommodation.  ECF No. 1.  The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 33.  Dirschell moves for summary judgment. ECF No. 28.  The Court **RECOMMENDS** that Dirschell's motion be **GRANTED**.

## II.    Background

Al-Shimary has been designated as Muslim in Michigan Department of Corrections (MDOC) records since 2002.  ECF No. 28-2, PageID.237; ECF No. 28-4, PageID.285.  Al-Shimary's faith requires him to eat halal foods, meaning that he must abstain from eating non-halal meat.  ECF No. 28-2, PageID.244-245; ECF No. 28-4, PageID.286-288.

MDOC Policy Directive (PD) 05.03.150 states that some prisons offer a vegan menu that "compl[ies] with Kosher and Halal religious tenets." ECF No. 28-3, PageID.274, ¶ OO.  To be placed on the vegan menu, prisoners must submit a written request and receive approval from the special activities coordinator (SAC).  *Id.*, ¶ PP.  "Approval shall be granted only if it is necessary to the practice of the prisoner's designated religion, including the prisoner's sincerely held religious beliefs."  *Id.*

Al-Shimary first requested the vegan menu in March 2021.  ECF No. 28-2, PageID.244-248; ECF No. 28-4, PageID.285-286.  Chaplain Matthew Tuzas interviewed Al-Shimary about his religious beliefs and recommended approving his request.  *Id.*, PageID.248.  But Dirschell, the SAC, denied the request because Al-Shimary's interview responses conflicted with MDOC records.  *Id.*, PageID.238, 249.  Dirschell noted that Al-Shimary purchased large quantities of non-halal food from the prison commissary.  *Id.*  And

2

although Al-Shimary stated during his interview that he did not eat in the chow hall, his meal history showed that he often attended chow hall for three meals a day.  *Id.*, PageID.239.  Dirschell thus concluded that Al-Shimary was not sincere in his religious beliefs.  *Id.*

Al-Shimary claims that Dirschell's denial violated the Free Exercise Clause of the First Amendment.  ECF No. 1.  Dirschell moves for summary judgment, arguing that the denial related to a legitimate penological interest and that Al-Shimary cannot show that the denial infringed on a religious practice.  ECF No. 28.

## III.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions

of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The opposing party "may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) (cleaned up). "[T]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Id.* (cleaned up).  "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560.

Viewing the evidence in the light most favorable to Al-Shimary, the Court finds that Dirschell is entitled to summary judgment.

**B.**

The First Amendment guarantees that "Congress shall make no law prohibiting the free exercise [of religion]."  U.S. Const. amend. I (cleaned up).  Prison inmates retain the protections of the First Amendment, including the Free Exercise Clause.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  But an inmate's constitutional rights must be balanced against the prison's need to maintain security and order.  *Id.* at 348-49.

"In any free exercise claim, the first question is whether the belief or practice asserted is religious in the plaintiff's own scheme of things and is sincerely held."  *Miles v. Mich. Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *2 (6th Cir. Aug. 20, 2020) (quoting *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019)) (cleaned up).  Second, the Court must decide "whether the challenged practice of the prison officials infringes on the religious belief."  *Kent v. Johnson*, 821 F.2d 1220, 1225 (6th Cir. 1987).  If both elements are met, courts then "determine if the prison policy or regulation is reasonably related to legitimate penological interests."  *Miles*, 2020 WL 6121438, at *2 (cleaned up).  Al-Shimary's claim falters on the last two steps of this analysis.

**1.**

Dirschell's denial of Al-Shimary's request for the vegan menu did not

infringe on his religious beliefs.  Prisons "must provide an adequate diet

without violating the inmate's religious dietary restrictions," and "if the

prisoner's diet is sufficient to sustain the prisoner in good health, no

constitutional right has been violated."  *Colvin v. Caruso*, 605 F.3d 282, 290

(6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir.

2002)) (cleaned up).  That means that prisoners have a "constitutional right

not to eat the offending food item."  *Alexander*, 31 F. App'x at 179.

PD 05.03.150 states that inmates are permitted "to abstain from any

foods that violate their religious tenets," and that MDOC prisons offer non-

meat options on the regular menu.  ECF No. 28-3, PageID.274, ¶ NN.[1]

Dirschell explained:

> [Inmates] can self-select foods from the regular meal line that
> do not conflict with their religious beliefs.  The MDOC posts the
> regular meal menus at least a week in advance so prisoners
> can review the meals and determine which items they choose
> to avoid based on their religious beliefs.  Further, pursuant to
> MDOC Policy Directive 04.07.100, each facility identifies non-
> meat entrees offered during noon and evening meals.  Thus, all
> prisoners, at all facilities, have a non-meat entrée option—a
> vegetarian plate.

---

[1] *See also* PD 04.07.100, ¶ J, *available at* https://perma.cc/T4GK-6HR4
(last viewed May 30, 2023).

ECF No. 28-2, PageID.240.

Vegetarian meal options like the one MDOC offers are halal. *Robinson v. Jackson*, 615 F. App'x 310, 313 (6th Cir. 2015).  In *Robinson*, the plaintiff brought a free exercise claim stemming from the denial of his request for halal meals.  *Id.* at 311.  But the prison offered a vegetarian meal option that qualified as halal.  *Id.* at 313 (citing *Abdullah v. Fard*, 173 F.3d 854 (Table) (6th Cir. 1999)) (affirming summary judgment on First Amendment claim because the Muslim plaintiff could eat vegetarian meals).  Since the plaintiff was receiving meals that did not violate his religion, the Sixth Circuit affirmed dismissal of his free exercise claim.  *Id.* at 314; *see also Hudson v. Caruso*, 748 F. Supp. 2d 721, 729-30 (W.D. Mich. 2010) (finding there was no likelihood of success on a free exercise claim, as the prison provided inmates with alternatives to eating non-halal meat).

Al-Shimary's faith requires him to abstain from eating non-halal meat. ECF No. 28-2, PageID.244-245; ECF No. 28-4, PageID.286-288.[2]  But he admitted that he could self-select halal foods from the chow hall, like fruit, vegetables, bread, pasta, and milk.  ECF No. 28-4, PageID.287-288.  And Al-Shimary does not dispute that a vegetarian meal option that was halal

---

[2] Although Al-Shimary's interview form stated that he also cannot eat food handled by non-Muslims, he denied making that statement in his complaint. ECF No. 1, PageID.7; ECF No. 28-2, PageID.244-245.

was available to him.  In fact, he admits that since "non meat meals are plenty in the MDOC," he was "well within his right to eat certain meals in the chow hall."  ECF No. 29, PageID.297 (cleaned up).  Because the evidence shows that halal meals were available to Al-Shimary, summary judgment is proper.

## 2.

Dirschell's denial of Al-Shimary's request for the vegan menu was also valid because it was reasonably related to legitimate penological interests.  *See Maye*, 915 F.3d at 1083 (cleaned up).  Four factors guide the analysis:

> (1) whether there is a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of ready alternatives to the regulation for prison officials.

*Bethel v. Jenkins*, 988 F.3d 931, 939 (6th Cir. 2021) (cleaned up).  Failure to meet the first factor renders a regulation invalid; if it is satisfied, the Court balances the remaining factors together.  *Flagner v. Wilkinson*, 241 F.3d 475, 484 (6th Cir. 2001).

The first and third factors are met, as the MDOC had legitimate interests in conserving resources and avoiding resentment from prisoners

8

who adhere to religious diets.  Dirschell stated that MDOC uses a

screening process to review prisoner requests for the vegan menu because

"MDOC resources are very restricted by lack of space, lack of funding, and

other facility programming such as medical, education or therapeutic

programs."  ECF No. 28-2, PageID.240-241.  Thus, not every prison facility

can offer the vegan menu, and not every prisoner's request can be granted.

*Id.*  Dirschell also cited Al-Shimary's failure to adhere to a halal diet, given

that he waited almost 20 years to request a religious meal accommodation,

purchased non-halal foods from the prison commissary, and falsely stated

that he never ate meals in the chow hall.  *Id.*, PageID.238-239, 241 250-

267; ECF No. 28-4, PageID.285.  Dirschell said that granting a request for

a religious meal accommodation when the prisoner failed to adhere to

those dietary restrictions could also undermine prison security and cause

resentment among other prisoners who do follow a religious diet.  ECF No.

28-2, PageID.241.

Dirschell's reasoning aligns with that approved in other cases.  *See*

*Miles*, 2020 WL 6121438, at *3 (citing *Berryman v. Granholm*, 343 F. App'x

1, 4 (6th Cir. 2009)) ("Prison officials have a legitimate penological interest

not only in controlling the cost of the religious meal program and ensuring

that only those with sincere beliefs participate in the program, but also in

9

maintaining discipline within the prison."); *Davis v. Heyns*, No. 17-1268, 2017 WL 8231366, at *4 (6th Cir. Oct. 16, 2017) ("Prisons have a legitimate penological interest in controlling the costs of dietary programs."); *Hudson*, 748 F. Supp. 2d at 729 ("[T]he cost of halal entrees is four times as expensive as kosher entrees and ten times as expensive as vegetarian entrees.").

Al-Shimary does not dispute that he ate non-halal food, but he argues that he had a sincere wish to "rededicate" himself to his faith.  ECF No. 29, PageID.296-297.  This Court does not question Al-Shimary's sincerity in wanting to rededicate himself.  Even so, Dirschell had a reasonable concern that Al-Shimary's purchase of non-halal food could pose a security risk by causing resentment among observant Muslim inmates.  *See Miles*, 2020 WL 6121438, at *3 ("Even accepting [plaintiff's] explanation [that he purchased non-halal food to trade with other inmates], the MDOC reasonably concluded that he had breached the agreement to not possess non-halal food items and that his possession of those items posed a security risk within the prison." (cleaned up)); *Perreault v. Mich. Dep't of Corr.*, No. 1:16-cv-1447, 2018 WL 3640356, at *3 (W.D. Mich. Aug. 1, 2018) ("Permitting Plaintiff to participate in a religious diet program when he has a demonstrated history of consuming or purchasing food in violation of

the tenets of his stated religion could negatively impact prison security as such could cause resentment among prisoners who adhere to their faith's dietary restrictions."). Al-Shimary can address the concern about prison safety by electing vegetarian meals going forward.

And because Al-Shimary could adhere to a halal diet by selecting the vegetarian meal options from the regular menu, the second factor is also met. *See Hudson*, 748 F. Supp. 2d at 729 ("[D]efendants have demonstrated that Muslim prisoners have an alternative means to exercise their rights (i.e., a halal menu) by self-selecting the non-meat entree from the regular meal line."). As to the final factor, Al-Shimary has identified no alternative that accommodates his request at a *de minimis* cost to the prison.

Because Dirschell's denial of Al-Shimary's request was reasonably related to legitimate penological interests, summary judgment is appropriate.

**C.**

Al-Shimary also asserts free exercise and retaliation claims based on the denial of his request to participate in a Ramadan fast. ECF No. 1, PageID.7-9. Previous court filings construed the claim as asserted against both Dirschell and Tuzas. *See* ECF No. 4, PageID.47-48; ECF No. 18,

11

PageID.127-129.  But the complaint alleges that Dirschell denied Al-Shimary's request for a religious diet, while Tuzas, Gary Miniard, and A. Pratt[3] denied his request to participate in the Ramadan fast.  ECF No. 1, PageID.7-8 ("Not only did Defendant Dirschell deny Plaintiff's right [to] receive his religious meal accommodation, Defendants Tuzas, Miniard, and Pratt deliberately worked in concert to not only retaliate against Plaintiff, [but to] ensure that he did not get to participate in Ramadan." (cleaned up)). And although Al-Shimary now claims that Dirschell and Tuzas both denied his Ramadan request, parties cannot add pleadings through a response brief.  *See* ECF No. 29, PageID.299; *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) ("If plaintiffs believe they need to supplement their complaint with additional facts to withstand [a dispositive motion] they have a readily available tool: a motion to amend the complaint under Rule 15.  They cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (cleaned up)).

Even if Al-Shimary had asserted the claims about his Ramadan request against Dirschell, he cannot show that Dirschell was personally

---

[3] Tuzas, Miniard, and Pratt have been dismissed from the action.  ECF No. 18; ECF No. 25.

involved in the denial.  To succeed on a § 1983 claim, a plaintiff must show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action).  Proximity to the wrongdoer does not convey responsibility.  *Pineda*, 977 F.3d at 490.

Dirschell's memorandum denied only Al-Shimary's request to be "provided access to the religious menu" and did not address the Ramadan request.  ECF No. 28-2, PageID.249.  Dirschell explained that "MDOC religious diet approval is not a prerequisite for prisoner participation in the Ramadan fast, [so] denial of Al-Shimary's religious diet request had no impact on his ability to participate in the Ramadan fast."  *Id.*, PageID.241-242 (cleaned up).  Dirschell maintained a statewide list of Ramadan participants but had no personal involvement in approving or denying Ramadan participation requests (including Al-Shimary's), which is a facility-level decision.  *Id.*, PageID.242.  Al-Shimary fails to rebut this evidence by showing what role Dirschell played in denying his Ramadan request.  Thus, Dirschell is entitled to summary judgment on any claim based on the denial of his Ramadan request.

## IV.    Conclusion

The Court **RECOMMENDS** that Dirschell's motion for summary

judgment (ECF No. 28) be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 16, 2023

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation,

any party may serve and file specific written objections to this Court's

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are

preserved for appeal; all other objections are waived.  *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of

objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2023.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager