UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ABDUL AL-SHIMARY,**<br><br>Plaintiff,<br><br>v.<br><br>**ADRIAN DIRSCHELL, ET AL.**,<br><br>Defendants. | 2:21-CV-12269-TGB-JJCG<br><br>HON. TERRENCE G. BERG<br>HON. JONATHAN J. C. GREY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 35)** |

This matter is before the Court on a Report and Recommendation from Magistrate Judge Elizabeth A. Stafford dated June 16, 2023 (ECF No. 35) recommending that the Motion for Summary Judgment of Defendant Adrian Dirschell (ECF No. 28) be granted. Plaintiff Abdul Al-Shimary filed a timely objection (ECF No. 36) to the Report and Recommendation. For the reasons set forth below, that objection will be overruled, and the Report and Recommendation will be accepted and adopted as this Court's findings of fact and conclusions of law.

### I.   BACKGROUND[1]

Mr. Al-Shimary brought this lawsuit claiming that prison officials discriminated against him based on his religious beliefs. The basic facts

---

[1] Al-Shimary does not object to the Magistrate's recitation of the facts, and so the statement of facts in the Report and Recommendation is adopted.

1

of the case were recounted in the Court's October 31, 2022 Order (ECF No. 25) adopting an earlier Report and Recommendation. That recitation is incorporated here by reference. While Al-Shimary sued a number of prison officials, only Defendant Adrian Dirschell remains.

Abdul Al-Shimary is incarcerated at the Michigan Department of Corrections' Macomb Correctional Facility. He is a Shia Muslim. Compl., ECF No. 1, PageID.7. Accordingly, he is required to eat only halal foods—those permitted by his Islamic faith—and abstain from foods that are haram—prohibited.

Al-Shimary contends that Dirschell, MDOC's "Acting Special Activities Coordinator" denied his request for a religious meal. *Id.* at PageID.7. On March 27, 2021, Al-Shimary was interviewed by Matthew Tuzas, the prison's chaplain. *Id.* at PageID.18-20. Al-Shimary explained that, as a Muslim, he was required to eat only halal foods. *Id.* He also said that he did not eat in the chow hall because non-halal foods were served there. Two days later, Dirschell denied Al-Shimary's request for a religious meal. Dirschell noted that Al-Shimary had purchased non-halal food from the prison commissary. Records also showed that Al-Shimary regularly ate three meals a day in the chow hall, contrary to his interview statements. In a deposition, Al-Shimary explained that he eats vegetables, fruits, milk, and cereal in the chow hall, none of which violate his religious dietary restrictions. Al-Shimary Dep., ECF No. 28-4, PageID.287-88.

2

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). On July 6, 2023, Al-Shimary filed an Objection (ECF No. 28) to the Report and Recommendation. ECF No. 20.

The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

## III. DISCUSSION

Al-Shimary claims that Dirschell's denial of his religious meal request violated the Free Exercise Clause of the First Amendment. The Report and Recommendation concluded that Dirschell's denial of Al-Shimary's request for a religious meal did not infringe on his religious beliefs. This was because, as Al-Shimary admitted, the chow hall served halal foods like fruit, vegetables, bread, pasta, and milk. Report and Recommendation, ECF No. 35, PageID.372 (citing Al-Shimary Dep., ECF No. 28-4, PageID.287-88). The Report and Recommendation further

3

concluded that the denial was reasonably related to a legitimate penological interest.

Incarcerated persons retain the protections of the First Amendment, including the right to freely practice their religious beliefs. *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987). But those rights are balanced against "valid penological objectives" such as the deterrence of crime, rehabilitation of prisoners, and security of prisons. *Id.*

A prisoner raising a Free Exercise claim must show first that the belief or practice at issue is religious "in the person's own scheme of things" and "sincerely held." *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987). Next, the plaintiff must show that the challenged policy infringes on that belief. *Id.* If both showings are made, the Court must determine whether the challenged regulation furthers a "legitimate penological objective." *Id.*

> In making this determination the Court considers four factors:
> (1) whether there is a valid rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) "the impact [that] accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of ready alternatives to the regulation for prison officials.

*Bethel v. Jenkins*, 988 F.3d 931, 939 (6th Cir. 2021) (citation and internal marks omitted)

4

Judge Stafford concluded that Dirschell's denial of Al-Shimary's request for the religious meal was valid because that denial did not infringe on Al-Shimary's religious faith and, in any event, was reasonably related to legitimate penological interests.

First, Judge Stafford concluded that Al-Shimary's religious beliefs were not infringed by denying him the religious menu. No constitutional right is violated when a prisoner's diet is sufficient to sustain him or her in good health and without violating his or her religious dietary restrictions. *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002).

Judge Stafford explained that MDOC policy allows inmates to abstain from any foods that violate a religious diet. *See* MDOC Policy Directive 05.03.150, ECF No. 28-3, PageID.274. MDOC offers non-meat entrees during noon and evening meals. Dirschell Aff., ECF No. 28-2, PageID.240. Such vegetarian meals are halal. *Robinson v. Jackson*, 615 F. App'x 310, 313 (6th Cir. 2015) (citing *Abdullah v. Fard*, 173 F.3d 854, at *1 (6th Cir.1999)).

Despite concluding that Al-Shimary's beliefs had not been infringed, Judge Stafford considered the four factors discussed above to determine whether the denial was reasonably related to a legitimate penological objective and concluded that it was. She explained that MDOC has a legitimate interest in conserving resources and avoiding the resentment from prisoners that might arise if non-sincere inmates were also allowed access to religious meals. Both of those reasons have been

5

identified by the Sixth Circuit as appropriate reasons to deny an inmate access to a prison's religious meal program. *Berryman v. Granholm*, 343 F. App'x 1, 4 (6th Cir. 2009).

Al-Shimary does not specifically object to any of the Report and Recommendation's conclusions of law or fact, save one. He repeatedly argues that he never requested a vegan meal—he says that he specifically requested MDOC's kosher meal option.

Some explanation of the MDOC meal policy is necessary. It appears that, in 2013, MDOC substantially restructured its religious meal policy, implementing a "universal vegan meal for all prisoners who qualify for a religious diet." *Ackerman v. Washington*, 16 F.4th 170, 176 (6th Cir. 2021); ECF No. 28-3, PageID.274. The vegan "religious meal" complies with both kosher and halal requirements, and includes no meat or dairy at all. *Id.*

In 2021, the Sixth Circuit decided that this scheme violated the rights of inmates who adhered to a Jewish religious diet. *Ackerman*, 16 F.4th at 191. This was because the Jewish faith requires adherents to eat certain meat and dairy on certain religious holidays—an obligation the vegan diet did not accommodate. After *Ackerman*, MDOC implemented a program under which inmates who kept kosher were provided with the required meat and dairy on certain Jewish holidays. *See* Exhibit D to Pl's. Obj., ECF No. 36, PageID.402.

6

Al-Shimary's request for the kosher diet ignores the dispositive fact in *Ackerman*. Jewish religious obligations do not merely permit Jews to eat kosher meat and dairy—the Jewish faith *requires* adherents to eat meat and dairy on certain holidays. So MDOC's vegan meal infringed on Jewish inmates' religious practice.

Al-Shimary points to no similar obligation of the Islamic faith that would *require* him to eat halal meats or dairy. Indeed, the Sixth Circuit has rejected this very argument. *See Robinson*, 615 F. App'x at 313 (collecting cases). Like the plaintiff in *Robinson*, while Al-Shimary might "prefer to be served halal meat entrees rather than vegetarian entrees and non-meat substitutes, his food preferences, as a prisoner, are limited." *Id.* (cleaned up). Thus, Al-Shimary's religious beliefs are not offended by MDOC's refusal to provide him with the kosher meal plan received by some Jewish inmates.

Al-Shimary appears also to argue that the vegan menu—which he explains he does not want and has not requested—does not meet his dietary needs, as it includes soy. Al-Shimary says that soy is impermissible for him to eat. However, the vegan meal option is halal, as is the vegetarian option offered at noon and evening meals. *See* ECF No. 28-3, PageID.274; *Robinson*, 615 F. App'x at 313. And, in any event, the kosher meal Al-Shimary requests is merely the same vegan meal with the addition of kosher meat and dairy on certain Jewish holidays. Finally, MDOC Policy Directive 05.03.150 also contemplates that if a prisoner

7

believes the vegan meal does not meet their religious dietary needs, they may request an alternate meal. ECF No. 28-3, PageID.274. There is no indication that Al-Shimary has made such a request—other than requesting the kosher meal which, as explained above, is the same vegan meal supplemented with meat on Jewish religious holidays.

For these reasons, Al-Shimary has not shown that Judge Stafford erred in her conclusions of fact or law and his objections, to the extent they relate to the Report and Recommendation at all, are overruled.

Judge Stafford also noted that Al-Shimary's complaint asserted First Amendment claims based on a denial of his request to participate in a Ramadan fast. ECF No. 35, PageID.376. Judge Stafford explained that the complaint appears to name only Defendants Tuzas, Minard, and Pratt as involved in denying his Ramadan fast request—not Defendant Dirschell. Judge Stafford further concluded that, even if Al-Shimary had asserted this claim against Dirschell, he would be unable to show that Dirschell was "personally involved" in the denial—a necessary element of his claim. Al-Shimary does not object to this portion of the Report and Recommendation.

## IV. CONCLUSION

Judge Stafford correctly determined that Plaintiff Al-Shimary's right to freely exercise his faith was not infringed when Defendant Dirschell denied his request for a kosher meal. For the reasons set forth herein, Al-Shimary's objection is **OVERRULED**.

8

It is hereby **ORDERED** that Magistrate Judge Stafford's Report and Recommendation of June 16, 2023 is **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that the Motion for Summary Judgment of Defendant Adrian Dirschell (ECF No. 35) is **GRANTED.**

Because all remaining claims in this case have been resolved in Defendants' favor, it is **FURTHER ORDERED** that the Complaint is **DISMISSED.** The Clerk of the Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Dated: August 22, 2023      s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE